**XIU MEI OURN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**Nos. 05–2558–AG, A70 901 850.**

United States Court of Appeals,
Second Circuit. ,

April 5, 2006.

Peter Lobel, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney, Peter D. Keisler, Christina L. Medeiros, Assistant United States Attorneys, Kansas City, Kansas, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Jr., and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xiu Mei Ourn, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum and withholding of removal, and denying her motion to remand. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ reasonably found Ourn not credible based on her acknowledged prior lies to the immigration court. The IJ also reasonably faulted Ourn for not having her husband testify, or offering any explanation as to why he did not. Although the IJ's finding of a lack of corroboration is not enough to support an adverse credibility determination, in conjunction with the IJ's other reasons, the lack of corroboration was a proper basis for the IJ's conclusions. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). The IJ also reasonably declined to credit the affidavit of Ourn's expert, because it referred to events long past. His conclusion that Ourn had failed to satisfy her burden of proof was thus supported by substantial evidence.

Apparently, construing Ourn's appeal on the question of CAT relief as a motion to reopen, the BIA reasonably found that Ourn had not demonstrated prima facie eligibility for CAT relief. *See INS v. Abu-*

*du*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA adopted the IJ's opinion and specifically his finding that Ourn "failed to meet the relevant burdens of proof" because, inter alia, "[s]he admitted that she initially gave false testimony" at her earlier hearing. JA 2. Thus, the same evidence on which the denial of asylum was properly based supported the denial of CAT relief. *See Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 523 (2d Cir.2005) (holding that although asylum and CAT claims require separate analysis, where a petitioner "failed to establish a particular fact ... and that fact formed the only potentially valid basis for [the] CAT claim," it was proper to deny the CAT claim for the same reasons as the asylum claim).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).